SARINA PAL, an individual, and                      CASE NO: 1:22-cv-22944-BB
JAYA WILLIAMS, an individual,

      Plaintiffs,

v.

1350 S. DIXIE, LLC d/b/a THE RESIDENCES AT
THESIS, a Delaware limited liability company,
GABLES RESIDENTIAL SERVICES, INC., a
Texas corporation, and DOES 1 through 25, inclusive,

      Defendants

_____/

## PLAINTIFF'S MOTION FOR RELIEF FROM THIS COURT'S MARCH 15, 2023 ORDER [DE 25], OR IN THE ALTERNATIVE MOTION TO REOPEN/MOTION FOR REINSTATEMNT

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, and/or any applicable Local Rules, Plaintiffs Sarina Pal ("Ms. Pal") and Jaya Williams ("Ms. Williams"), (collectively, the "Plaintiffs"), by and through undersigned counsel, do hereby file this Motion for Relief from this Court's March 15, 2023 Order [DE 25], or in the alternative, Motion to Reopen/Motion for Reinstatement (the "Motion"). The grounds for this Motion are set forth more fully in the underlying memorandum of law, the record, the Declaration of Andrew Williams, Esq., and any other or further evidence and/or oral argument that this Court may request with respect to this Motion.

## MEMORANDUM OF LAW

### I.    Factual Background

On September 15, 2022, the Plaintiffs filed a complaint which commenced this action (the "Complaint") [DE 1]. The Complaint was based upon claims of breach of contract, negligence

and violations of Florida's landlord-tenant act. *Id*. On January 13, 2023, Defendant 1350 S. Dixie, LLC ("1350") and now-non-party Nolan Reynolds International, LLC ("NRI") filed a joint motion to dismiss the Complaint (the "1350 Motion") [DE 15]. That same day, January 13, 2023, Defendant Gables Residential, Inc ("GRI"), also filed a motion to dismiss the Complaint (the "GRI Motion") [DE 16].

On January 27, 2023, the Plaintiffs filed an unopposed motion for extension of time to file a response to the 1350 Motion and the GRI Motion (the "First Motion for Extension of Time"). [DE 17]. Pursuant to the First Motion for Extension of Time, the Plaintiffs' responses to the 1350 Motion and the GRI Motion were due on or before February 27, 2023. *Id*. On February 23, 2023, this Court issued an order setting trial and a pre-trial schedule that required mediation (the "Trial Order") [DE 22]. Pursuant to the Trial Order, amended pleadings were due on or before April 24, 2023. *Id*.

On February 27, 2023, the Plaintiffs moved for a ten (10) day extension of time, in which to respond to the 1350 Motion and the GRI Motion (the "Second Motion for Extension of Time"), which was based on the fact that the undersigned became sick after being in back-to-back trials in January and February 2023. [DE 23]. The Second Motion for Extension of Time was denied on February 28, 2023, due to its failure to include a certificate pursuant to Local Rule 7.1(a)(3), unbeknownst to Plaintiff's counsel. [DE 24]; *See also* Declaration of Andrew Williams, Esq.

Notwithstanding the denial of the Second Motion for Extension of Time, counsel for the Plaintiffs advised counsel for 1350 (and NRI) and counsel for GRI of his intent to file an amended complaint ("Amended Complaint") and requested up to March 27, 2023. *See* Declaration of Andrew Williams, Esq. Counsel for the Defendants advised that they did not have any objection to the filing of an Amended Complaint. *Id*.; *see also* Exhibit "**A**".

Unfortunately, as counsel for the Plaintiffs was dealing with serious health matters, and unaware of the denial of the Second Motion for Extension of Time, this Court dismissed this action without prejudice on March 15, 2023, before the proposed agreed order on the Amended Complaint was ever submitted to this Court. [DE 25]. *Id*. The Amended Complaint has since been drafted and filed, and it is also attached hereto as Exhibit "**B**". It should further be noted that the parties had agreed on Terrence White of Upchurch Watson White & Max Mediation Group to serve as their mediator pursuant to the Trial Order. *See* Declaration of Andrew Williams, Esq.

## II. Argument

### a. Legal Standard

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, […] or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reason[] (1) […] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The United States Supreme Court has found that "mistake" as used in Rule 60(b) is intended to encompass both its plain language and legal definitions. *See Kemp v. United States*, 142 S. Ct. 1856, 1858 (2022) ("When [Rule 60] was adopted in 1938 and revised in 1946, the word 'mistake' applied to any 'misconception,' 'misunderstanding,' or 'fault in opinion or judgment.' Webster's New International Dictionary. Likewise, in its legal usage, 'mistake' included errors 'of law or fact.' Black's Law Dictionary").

The Eleventh Circuit Court of Appeals has held that "'[e]xcusable neglect' under Rule 60(b)(1) generally encompasses situations where a party fails to comply with a filing deadline due to negligence." *Townsend v. Veterans Affairs Med. Ctr.*, 522 Fed. Appx. 494, 496 (11th Cir. 2013).

### b. The Motion Should Be Granted

### i. The Motion is Timely

This Motion should be granted because it was timely filed. Pursuant to Rule 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reason[] (1) […] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, the Motion is based upon Rule 60(b), which shall be discussed in greater depth below. While the one (1) year specification only requires to motions filed under Rule 60(b)(1), (2), or (3), and this motion is based upon Rule 60(b)(1) and (6), it is and should be undisputed that this Motion was filed within one (1) year.

### ii. The Motion Was Filed Within a Reasonable Time

When viewed in the totality of circumstances, this Motion was filed within a reasonable time. *See* Declaration of Andrew Williams, Esq. As previously stated, when the Complaint was dismissed without on March 15, 2023, counsel for the Plaintiffs was dealing with serious health issues. *Id*. Upon the "resolution" of these health issues, Plaintiffs' counsel endured several grave and dire personal matters, including matters that pertained to the health, safety and well-being of his teenage son and a period in which the undersigned was displaced and without housing for roughly sixty (60) days (the "Personal Matters").[1] *Id*. The Personal Matters include what could only be described as a parent's worst nightmare, but as they involve a non-party and minor child,

---

[1] Resolution is in quotes because the impacts of the Personal Matters caused additional and/or reaggravated the health issues that Plaintiff's counsel was suffering from.

Plaintiff's counsel would request that any further inquiry into the Personal Matters, if necessary, take place in chambers or other private hearing. *Id*.

As the Personal Matters only recently resolved themselves around January 25, 2024, the undersigned submits that the filing of this Motion within 50 days of the date of the resolution of the Personal Matters was/is reasonable. *Id*.

### iii. Mistake and Excusable Neglect

This Motion was filed pursuant to Rule 60(b), and particularly Rule 60(b)(1) and (6). Rule 60(b)(1) states in pertinent part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, the Plaintiff filed the Second Motion for Extension of Time and was unaware that it had been denied until after the Amended Complaint was dismissed. Outside the presence of the Court, the parties had already resolved the 1350 Motion and the GRI Motion, which were motions to dismiss, as the parties agreed that the Plaintiffs could file an Amended Complaint. *See* Exhibit "**A**"; *see also* Declaration of Andrew Williams, Esq.

It was only due to the mistake and/or excusable neglect of Plaintiff's counsel that the Complaint was dismissed as the Plaintiffs, through the agreement of the parties had received the consent of the Defendants to file the Amended Complaint. The Amended Complaint has been filed prior to and with this Motion, and therefore the Defendants will have received more than sufficient opportunity to review, respond and/or answer the Amended Complaint. Furthermore, as the parties had previously agreed upon a mediator, they may, upon the granting of this Motion, proceed to mediation. *See* Declaration of Andrew Williams, Esq.

### iv.   Other Grounds For Relief

In addition to the fact that this Motion is based upon the mistake and/or excusable neglect of Plaintiffs' counsel, the Plaintiffs submit that there are other grounds that justify the granting of this motion.  Namely the fact that there is no prejudice to any of the Defendants if this motion granted and because the parties were acting in compliance with the Trial Order by having selected a mediator. *Id*.

It should be noted that there is and will be no prejudice to any party if this Motion is granted. As the record clearly reflects, this case is/was in its early stages . *Id*.  In fact, the defendants had only filed their first responses just over sixty (60) days before the date of the dismissal, which was not based on the merits, or anything other than an unfortunate default ruling. Based upon this current posturing of the case and given the fact the Amended Complaint has been/is filed, none of the Defendants can claim that they were, or will be, prejudiced as a result of the granting of this Motion.  Furthermore, should any of the defendants believe that grounds still exist that warrant the filing of any other, they will be permitted to file such as they see fit in order to defend against and/or resolve this matter on its merits.

The Plaintiffs on the other hand shall be severely prejudiced if this Motion is denied. *See* Declaration of Andrew Williams, Esq.  The Plaintiffs will be deprived of a decision on the merits especially when such dismissal was the result of the mistake and/or excusable neglect of their counsel and the failure of the agreed upon order pertaining to the Amended Complaint to be submitted to this Court despite the agreement of the parties.

Furthermore, because the parties have previously selected a mediator, the parties will have the opportunity to pick up where they left off; and as the health issues and the Personal Matters that were previously encumbering the Plaintiffs counsel have since been resolved, these will no longer

be issues that impact the resolution of this matter. Lastly, the granting of this Motion enables this Court to uphold the long-standing public policy of this State, which is to allow for the disposition of legal actions on their merits.

-CONCLUSION-

Based upon the foregoing points and authorities, this Court should find that the Plaintiffs have sufficiently demonstrated grounds to justify their request for relief from this Court's March 15, 2023 order, and/or in the alternative that this Court reopen and/or reinstate this action.

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant this Motion and that it adopt the Amended Complaint filed on March 14, 2024, or that was/is attached to this Motion as Exhibit "B" as the operative complaint in this action, and order the Defendants to respond to the Amended Complaint within thirty (30) days from the date of its order granting this Motion.

**<u>GOOD FAITH CERTIFICATE</u>**

I HEREBY CERTIFY that pursuant to Local Rule 7.1(a)(3), counsel for the Plaintiffs conferred with GRI in a good faith effort to resolve the issues raised in this Motion, and has made reasonable efforts to confer with 1350 by calling Justin Paul, Esq., who is no longer employed by counsel for 1350; calling Sarah Coleman, Esq. on several occasions, and leaving voicemail(s) on March 12, 2024; and by calling Rory Jurman, Esq., on several occasions, and leaving voicemail(s) on March 12, 2024, but was unable to confer with 1350.

Dated: <u>March 14, 2024</u>

> s/Andrew Williams
> **THE WILLIAMS LAW GROUP**
> Andrew Williams, Esq.
> *Attorney for Plaintiffs*
> 9600 S. Dixie Hwy, Suite 1311
> Miami, Florida 33156
> Telephone: (305) 916-1122
> FL Bar No. 0111817
> Email: Andrew@TheWilliamsLG.com
> Secondary Email: WilliamsLawFlorida@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was filed and served via the Florida ePortal on this 14th day of March 2024.

<u>s/Andrew Williams</u>
Andrew Williams