UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22944-BLOOM/Otazo-Reyes**

SARINA PAL, *et al.*

    Plaintiffs,

v.

1350 S. DIXIE, LLC, *d/b/a/*
*The Residences at Thesis*, *et al.*

    Defendants.

_____/

**<u>ORDER DENYING MOTION TO REOPEN CASE</u>**

**THIS CAUSE** is before the Court upon the Motion for Relief from the Court's March 15, 2023 Order or Motion to Reopen Case, ECF No. [31] ("Motion"), filed by Plaintiffs Sarina Pal and Jaya Williams ("Plaintiffs"). Defendant 1350 Dixie, LLC ("Defendant") filed a Response in Opposition, ECF No. [33], to which Plaintiffs filed a Reply, ECF No. [41]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff filed this case on September 15, 2022. *See* ECF No. [1]. On January 13, 2023, Defendants 1350 Dixie, LLC and Nolan Reynolds International filed a Motion to Dismiss, ECF No. [15], as did Defendant Gables Residential Services, Inc. (collectively, "Defendants"), ECF No. [16]. Plaintiffs did not file a Response. Rather, on January 27, 2023, the day their Response was originally due, Plaintiffs moved for a 30-day extension of time. ECF No. [17]. The Court promptly granted that motion, extending Plaintiffs' Response deadline to February 27, 2023. ECF No. [18]. On February 27, 2023, on the day their Response was due, Plaintiffs moved for a second extension of time. ECF No. [23]. The Court denied Plaintiffs' second motion because it did not

comply with Local Rule 7.1(a)(3)'s conferral requirement. ECF No. [24]. The Court accordingly found "Plaintiffs' failure to respond to Defendants' Motions is 'sufficient cause for granting the motion[s] by default.'" ECF No. [25] at 1-2 ("Order") (quoting S.D. Fla. L.R. 7.1(c)(1)).

Plaintiffs filed the instant Motion on March 14, 2024. Plaintiffs seek relief from this Court's Order, ECF No. [25], pursuant to Federal Rule of Civil Procedure 60(b). Plaintiffs contend this case should be reopened because their failure to respond to Defendants' motions to dismiss was due to excusable neglect. For support, Plaintiffs explain their counsel was "unaware of the denial of the Second Motion for Extension of Time" because he "was dealing with serious health matters[.]" ECF No. [31] at 3. Plaintiffs' also note counsel "endured several grave and dire personal matters, including matters that pertained to the health, safety and well-being of his teenage son and a period in which the undersigned was displaced and without housing for roughly sixty (60) days[.]" *Id.* Plaintiffs argue their failure to timely respond to Defendants' motions to dismiss therefore constitutes excusable neglect. Accordingly, Plaintiffs request that this case be reopened, and the Court grant leave for Plaintiffs to file an amended complaint.[1]

Defendant responds that Plaintiffs' Motion is untimely and should be denied. Defendant contends Plaintiffs' Motion is untimely because it was not filed within a reasonable time, Plaintiffs fail to show their failure to respond was due to excusable neglect, and permitting leave to file an amended complaint would be futile. Defendant also argues no other reasons support reopening this case, and that it would be prejudiced by the relief. Plaintiff replies that Defendants raises a series of irrelevant issues, and this case should be reopened.

Rule 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

---

[1] Plaintiffs also argue other reasons support this relief, namely, the lack of prejudice to Defendants.

2

inadvertence, surprise, or excusable neglect … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for [excusable neglect] … no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "Excusable neglect under Rule 60(b)(1) generally encompasses situations where a party fails to comply with a filing deadline due to negligence." *Townsend v. Veterans Affairs Med. Ctr.*, 522 Fed. App'x 494, 496 (11th Cir. 2013) (internal quotation omitted)). To demonstrate entitlement to relief due to excusable neglect, the moving party must show "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply." *Branch Banking & Trust v. Maxwell*, 512 F. App'x 1010, 1012 (11th Cir. 2013) (quoting *In re Worldwide Web Sys. Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Such relief is extraordinary, and cases should not be lightly reopened. *Cf. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679-80 (11th Cir. 1984) ("The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Plaintiffs' Motion is untimely. As noted, Plaintiffs filed this Motion on March 14, 2024—one day shy of a full *year* after the Court dismissed this case on March 15, 2023. *See* ECF No. [25]. Plaintiff is correct that the Motion is not *precluded* by Rule 60, as Rule 60(c) provides a motion brought under this rule must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). However, Rule 60(c) requires that any such motion "*must* be made within a reasonable time." *Id.* (emphasis added). Plaintiffs have not filed this Motion within a reasonable time. Defendant accurately observes the Eleventh Circuit has found the "longer a defendant … delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Sloss*

3

*Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007); *see also Worldwide Web Systems*, 328 F.3d at 1297-98 (denying a Rule 60(b) motion after the defendants waited two months to file their motion because the defendants failed to provide a "good reason[ ] for this delay") (internal quotation omitted)).

Plaintiffs fail to provide a compelling—or even persuasive—reason here. As discussed, Plaintiffs contend their counsel was unaware this case was dismissed due to health issues and explain counsel later "endured several grave and dire personal matters[.]" ECF No. [31] at 3. However, as Defendant points out, Plaintiffs' Motion fails to persuasively explain why Plaintiffs' counsel was unable to learn this case was dismissed for nearly a year, or why counsel was unable to work during this entire period. More importantly, the record reflects Plaintiffs *did* work during this period. On September 19, 2023, Plaintiffs filed the *same case* against Defendants. *See Sarina Pal and Jaya Williams v. 1350 S. Dixie, LLC and Gables Residential Services, Inc.*, Case No. 1:23-cv-23577-CMA ("Second Lawsuit").[2] Plaintiffs only filed the instant Motion after Chief Judge Altonaga dismissed the Second Lawsuit for lack of subject-matter jurisdiction and denied both of Plaintiffs' Rule 60 motions seeking to reopen the case. *See id.*, ECF Nos. [4], [7], [9]. The record thus makes clear Plaintiffs fail to provide any "good reason" for their approximately year-long delay in filing the instant Motion. *Worldwide Web Systems*, 328 F.3d at 1297-98.

Moreover, the Court agrees that Plaintiffs fail to demonstrate excusable neglect justifying Rule 60 relief. The Eleventh Circuit instructs "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1132 (11th Cir. 1986); *see also Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993) (per curiam)

---

[2] The Court previously granted Defendant's motion to take judicial notice of that case. *See* ECF No. [4].

("failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.") (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987)). Further, Plaintiff is incorrect that reopening this case will not prejudice Defendants. As Defendant points out, reopening this case will force Defendants to litigate this case anew. Taking into consideration the near-identical Second Lawsuit, granting this Motion would effectively require Defendants to do so for a third time.[3]

Finally, Plaintiffs have not shown they "had a meritorious defense that might have affected the outcome[.]" *Maxwell*, 512 F. App'x 1010, 1012 (11th Cir. 2013). As noted, the Second Lawsuit was dismissed for lack of subject-matter jurisdiction. Here, Plaintiffs' proffered Amended Complaint alleges this court has diversity jurisdiction because upon "information and belief, [Defendant's] sole member is 1350 S. Dixie Mezz Borrower, LLC." ECF No. [30] ¶ 4. As Defendant observes, however, this Court has explicitly found "it is *never* appropriate to plead jurisdictional allegations upon information and belief[.]" *Admiral Ins. Co. v. VPrart, LLC*, Case No. 21-cv-21312-BLOOM/Otazo-Reyes, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) (emphasis in original); *see also Dockery v. Hartford Ins. Co. of the Midwest*, Case No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (pleading jurisdiction based "upon information and belief ... does not qualify as a 'fact' establishing jurisdiction.... A party's citizenship must be asserted without qualification."). The Court therefore concludes Plaintiffs' Motion is both untimely and fails to show excusable neglect that would justify reopening this case.

---

[3] Even assuming Defendants were not prejudiced, the Eleventh Circuit has found "a lack of prejudice is not enough, by itself, to warrant relief[.]" *SEC v. Simmons*, 241 Fed. App'x 660, 664. This argument thus fails to provide a basis for Rule 60 relief regardless of whether it is evaluated in the context of "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Case No. 22-cv-22944-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [31]**, is **DENIED**.

2. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 3, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record